*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALPENA COUNTY BOARD OF COUNTY ROAD
COMMISSIONERS,

      Plaintiff-Appellee,

v

BRIAN TADAJEWSKI,

      Defendant-Appellant.

FOR PUBLICATION
October 29, 2025
1:40 PM

No. 374166
Alpena Circuit Court
LC No. 2022-001899-CH

Before: SWARTZLE, P.J., and ACKERMAN and TREBILCOCK, JJ.

ACKERMAN, J.

Defendant claimed an appeal of right from an order holding him in civil contempt after he failed to comply with a prior judgment recognizing plaintiff's right-of-way and prohibiting further encroachments on it. Defendant's contumacious conduct caused plaintiff to incur expenses, which the trial court compensated through sanctions imposed under MCL 600.1721. Because an order imposing compensatory civil contempt sanctions is not a final order under MCR 7.202(6), this Court lacks jurisdiction over an appeal of right from such an order. The appeal is therefore dismissed.

## I. BACKGROUND

Defendant owns land adjacent to Geronimo Road in Alpena County. In December 2022, plaintiff filed an action alleging that Geronimo Road is a public right-of-way and that defendant had been placing dangerous obstructions on the portion of the roadway adjacent to his property. In August 2023, the court granted plaintiff's motion for summary disposition, ruling in a final order that a highway-by-user under MCL 221.20 had been established and that defendant was not to place any encroachments in the Geronimo Road right-of-way. Defendant did not appeal the order.

-1-

Over a year later, defendant filed a motion asserting that the right-of-way was 33 feet wide, despite the clear language in MCL 221.20 that a highway-by-user is 4 rods, or 66 feet, wide. After the court denied that motion, defendant filed an untimely claim of appeal, which was dismissed.[1]

After defendant placed additional encroachments in the right-of-way, plaintiff sought a hearing to show cause why defendant should not be held in contempt for failing to adhere to the court's August 2023 final order. In December 2024, the trial court concluded that defendant was in contempt of court and assessed $6,992 in attorney fees and $629.84 in expenses plaintiff incurred to remove defendant's encroaching obstructions. Defendant claimed an appeal from that order.

## II. JURISDICTION IN CONTEMPT APPEALS

This case presents unresolved questions about this Court's jurisdiction. The leading discussion of our jurisdiction in contempt proceedings is in *In re Moroun*, 295 Mich App 312; 814 NW2d 319 (2012):

> Criminal contempt is a crime and, therefore, an order finding a party in criminal contempt of court and sanctioning the party is a final order from which the contemnor may appeal as of right. However, an order finding a party in civil contempt of court is not a final order for purposes of appellate review. [*Id*. at 329 (citations omitted).]

To determine whether we have jurisdiction, then, we must identify the type of contempt involved. Although the circuit court labeled this "civil contempt," we review de novo whether contempt was civil or criminal, and "[i]t is irrelevant whether the trial court labels the contempt as civil or criminal." *In re Contempt of Pavlos-Hackney*, 343 Mich App 642, 666; 997 NW2d 511 (2022).

*Moroun* observed that the distinction between civil and criminal contempt is that civil contempt is coercive, while criminal contempt is punitive. *Id*. at 229. As *In re Contempt of Dougherty*, 429 Mich 81, 95; 413 NW2d 392 (1987), explained:

> If the contempt consists in the refusal of a party to do something which he is ordered to do for the benefit or advantage of the opposite party, the process is civil, and he stands committed till he complies with the order. The order in such a case is not in the nature of a punishment, but is coercive, to compel him to act in accordance with the order of the court. If, on the other hand, the contempt consists in the doing of a forbidden act, injurious to the opposite party, the process is criminal, and conviction is followed by fine or imprisonment, or both; and this is by way of punishment. [(citation omitted).]

---

[1] *Alpena Co Bd of Co Rd Comm'rs v Tadajewski*, unpublished order of the Court of Appeals, issued January 21, 2025 (Docket No. 373846).

If those were the only categories, the sanction for defendant's defiance of a prior order could be seen as punitive rather than coercive and therefore criminal.

But *Moroun* did not account for the fact that not all civil contempt is coercive. As *Dougherty* explained, "there are two types of civil contempt sanctions, coercive and compensatory." *Id*. at 97. Here, the trial court ordered defendant to pay plaintiff "a sufficient sum to indemnify [it]" for an "actual loss," consistent with MCL 600.1721—a compensatory sanction that *Dougherty* recognized as a form of civil contempt. But as an order of civil contempt, it still comes within the rule of *Moroun*, which holds that an order of civil contempt is not a final order appealable of right. Defendant was therefore required to seek review by application for leave rather than by claim of appeal.

Some unpublished opinions of this Court have reached a contrary conclusion regarding our jurisdiction over appeals from orders of compensatory civil contempt. Under MCR 7.203(A)(1), we have jurisdiction over an appeal of right from a final order as defined in MCR 7.202(6). That rule includes, among other categories, "a postjudgment order awarding or denying attorney fees and costs under court rule or other law." MCR 7.202(6)(a)(iv). Relying on this provision, those opinions reasoned that a compensatory civil contempt order that includes attorney fees falls within that definition. See *Donewald v Donewald*, unpublished per curiam opinion of the Court of Appeals, issued May 26, 2022 (Docket No. 356611), p 5; *Palacios v City of Lansing*, unpublished per curiam opinion of the Court of Appeals, issued March 8, 2012 (Docket No. 302357), pp 1-2. We disagree.

To begin with, MCR 7.202(6)(a)(iv) predates *Moroun*. See MCR 7.202(6)(a)(iv), as amended June 4, 2002, 466 Mich xc, xci (2002). It therefore cannot be read as abrogating *Moroun* or as a subsequent change in law.

More importantly, a compensatory contempt award is not an award of "attorney fees and costs" within the meaning of that rule. Section 1721 bars a party from recovering damages in a separate action once a compensatory sanction has been imposed, thereby preventing a double recovery. But the very fact that what would otherwise be recovered twice is *damages* underscores that a compensatory contempt award is itself a form of damages. The award here was therefore a form of damages—measured in part by plaintiff's attorney fees—not an award of attorney fees as such. See *Taylor v Currie*, 277 Mich App 85, 100; 743 NW2d 571 (2007) ("The sum required by MCL 600.1721 may include attorney fees that occurred as a result of the other party's contemptuous conduct." (cleaned up)).

That conclusion is reinforced by the reference in MCR 7.202(6)(a)(iv) to "costs." Taxation of costs is governed comprehensively by MCL 600.2401 *et seq*., and the expenses plaintiff incurred to remove defendant's debris from the right-of-way are not taxable costs under that

scheme.[2]  We therefore hold that MCR 7.202(6)(a)(iv) does not confer appellate jurisdiction in this circumstance.

An order of civil contempt is therefore "[a]ny other judgment . . . from the circuit court," "reviewable only on application for leave to appeal" under MCL 600.308(2)(c).[3]  Because defendant filed a claim of appeal rather than an application for leave to appeal, we lack jurisdiction and must dismiss this appeal.

/s/ Matthew S. Ackerman
/s/ Brock A. Swartzle
/s/ Christopher M. Trebilcock

---

[2] The close relationship between "attorney fees" and "costs" in MCR 7.202(6)(a)(iv) is reflected in MCL 600.2405(6), which provides that attorney fees authorized by statute or court rule *are* a form of "costs."

[3] That said, it may be helpful for the Supreme Court to address directly in MCR 3.606 the appealability of contempt orders.  See also 6 Longhofer, Michigan Court Rules Practice (7th ed), § 7202.1, pp 95-96 (suggesting "that the definition of final order be amended to account for" the appeal of right recognized in *Moroun* for coercive civil contempt orders directed against nonparties to the underlying litigation).